Dear Mr. Lemoine:
You have requested an opinion of the Attorney General relative to whether the extension of the Pineville City Court's civil and juvenile jurisdiction to Ward Eleven of Rapides Parish by LSA-R.S. 13:1951.1 now vests the voters of Ward Eleven with the right to vote in the upcoming judicial election for the Pineville City Court Judge.
Pertinently, LSA-R.S. 13:1951 provides:
 Municipal and city courts heretofore created and established pursuant to and under the authority of any constitutional or general statutory provision in effect prior to the effective date of this Section are hereby recognized and continued in existence. Except as otherwise provided by law, their territorial jurisdiction shall extend through the city and ward or wards wherein the city of their domicile is located, as extended from time to time. (Emphasis added).
LSA-R.S. 13:1951.1 states:
 In addition to all other jurisdiction now vested in the Pineville City Court, said court shall have territorial jurisdiction over juvenile and civil matters of Ward Eleven of Rapides Parish.
Finally, LSA-R.S. 13:1872 (A)(1) provides in part:
 In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants . . . the voters thereof shall elect a city judge, upon whose election the jurisdiction of the justice of the peace and constable in that portion of the ward or wards in which the city is contained shall cease.
The foregoing three statutes work in conjunction with each other to provide that Pineville shall have a city court judge whose jurisdiction extends throughout the wards of the city in which the court is domiciled and, as legislatively extended, throughout Ward Eleven of Rapides Parish.
Further, it is the opinion of this office that the phrase inLSA-R.S. 13:1872 (A)(1) which reads "In all wards where city courts exist . . . the voters shall elect a city judge, . . ." means that in all wards where the jurisdiction of the city court exists, the eligible citizenry of that ward will be able to vote for the city court judge. Accordingly, those persons who are qualified electors of Ward Eleven of Rapides Parish are entitled to vote in the election for Pineville City Court Judge.
This office has responded similarly to such inquiries in the past. In Opinion 93-8, the jurisdiction of the City Court of Denham Springs was called into question when the wards within the city were sized down. In response to an inquiry about the extended jurisdiction of the office of city court judge, this office took the position that the voters in the new jurisdiction created by the downsizing were entitled to vote because they were now within the jurisdiction of the Denham Springs City Court.
In Opinion 90-317, this office responded to an inquiry about whether annexation of certain wards around the City of Winnfield had expanded the jurisdiction of the Winnfield City Court. Therein, this office stated that because the jurisdiction of the city court had been extended into certain wards, the residents of those wards would be eligible to vote in the election of the city judge.
Finally, note also in accord recently released Attorney General Opinion 96-26 concluding that electors residing in the Sixth Ward in the Parish of Tangipahoa, which area has been annexed into the city limits of Hammond, may vote for the offices of City Judge and Marshal.
In conclusion, it is the opinion of this office that, since the Louisiana Legislature has specifically expanded the jurisdiction of the Pineville City Court to include Ward Eleven of Rapides Parish, the people of Ward Eleven of Rapides Parish are eligible to vote for the office of Pineville City Court Judge pursuant to our interpretation of LSA-R.S. 13:1872(A)(1), cited above.
If we can be of any further assistance to you in this matter, please let us know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL